J. S18043/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONALD WARRICK, | : | No. 1828 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 17, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011872-2005

BEFORE:  STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED MAY 16, 2018**

Appellant, Ronald Warrick, appeals, ***pro se***, from the October 17, 2017 order entered by the Court of Common Pleas of Allegheny County dismissing his third petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A previous panel of this court gave the following summary of the procedural posture of this case:

> The sentencing court imposed a term of not less than twenty nor more than forty years of incarceration. After Appellant's direct appeal rights were reinstated ***nunc pro tunc***, this Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal on July 21, 2010.  The PCRA court denied Appellant's first, counseled PCRA petition on February 29, 2012.  This Court affirmed on October 19, 2012.

On August 18, 2015, Appellant, acting **pro se**, filed [his second PCRA] petition, which he styled as a petition for writ of **habeas corpus ad subjiciendum**.[Footnote 5]    After entering a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and receiving Appellant's response, the PCRA court dismissed the petition on December 15, 2015.

**Commonwealth v. Warrick**, No. 2019 WDA 2015, unpublished memorandum at 2-3 (Pa.Super. filed July 12, 2016) (footnotes omitted).

This court affirmed the PCRA court's dismissal of appellant's second PCRA petition on July 12, 2016.   Appellant filed the instant PCRA petition **pro se** on May 23, 2017.  On August 22, 2017, the PCRA court entered its notice of intention to dismiss without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant filed a response to the PCRA court's notice of intention to dismiss on September 12, 2017.  The PCRA court dismissed appellant's PCRA petition on October 17, 2017.  Appellant filed a notice of appeal to this court on November 16, 2017.  The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 21, 2017.  On March 12, 2018, appellant filed an application to amend his appeal.

In reviewing appellant's three-page brief, we note that appellant failed to include a statement of questions involved pursuant to Pa.R.A.P. 2116. Additionally, appellant appears to be arguing that he is entitled to relief

under the PCRA based on the contents of a PCRA petition and testimony from a trial involving his co-defendant, David P. King.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error. *Commonwealth v. Jermyn*, 709 A.2d 849, 856 (Pa. 1998).
>
> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. *Id.* at 222.

*Commonwealth v. Ali*, 86 A.3d 173, 176-177 (Pa. 2014), *cert. denied*, 135 S.Ct. 707 (2014). Before addressing appellant's issues on the merits, we must first determine if we have jurisdiction to do so.

As noted above, a PCRA petitioner has one year from the date his or her judgment of sentence becomes final in which to file a PCRA petition. This court has held the following regarding when a judgment becomes final:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time seeking direct review expires. *See* 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. *See Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution, or unreasonable.").

*Commonwealth v. Callahan*, 101 A.3d 118, 112 (Pa.Super. 2014).

In this case, our supreme court denied appellant's petition for allowance of appeal of his judgment of sentence on July 21, 2010. *Commonwealth v. Warrick*, 998 A.2d 960 (Pa. 2010). Appellant did not file a writ of *certiorari* with the Supreme Court of the United States.

Accordingly, appellant's judgment of sentence became final on October 19, 2010. **See** S.Ct.R. 13. Appellant filed the instant petition on May 23, 2017—more than six years after his judgment of sentence became final and more than five years after a PCRA petition could be considered timely. **See** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i) [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) [T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) [T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. **Id.** at § 9545(b)(2).

Here, appellant appears to have raised a claim under Section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petition must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

In the instant appeal, appellant relies solely on allegations contained within his co-defendant, David P. King's, 2015 PCRA petition and subsequent new trial. (*See* appellant's brief at 1.) Appellant fails to provide any explanation as to why he could not have learned of any facts allegedly raised in Mr. King's petition and/or subsequent new trial with the exercise of due diligence. Accordingly, because appellant failed to comply with the requirements set forth by this court in *Brown*, we find that appellant has

failed to establish an exception to the PCRA's time-bar; therefore, we do not have jurisdiction to consider this case on its merits.

Order affirmed. Application to amend appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2018